## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NEBRASKA TURKEY GROWERS COOPERATIVE ASSOCIATION,** | ) ) ) | |
| Plaintiff, | ) ) | 4:05CV3060 |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| **ATS LOGISTICS SERVICES, INC.,** | ) ) | |
| Defendant. | ) | |

This matter comes before the court on the plaintiff's Motion to Remand and for Costs, Expenses and Fees (Filing No. 33). The plaintiff filed a brief (Filing No. 34) in support thereof. The defendant filed a brief (Filing No. 39) opposing the motion. For the reasons set forth below, the undersigned magistrate judge recommends[1] the plaintiff's motion to remand be granted and motion for costs be denied.

## BACKGROUND

---

[1] The court is entering a report and recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand under 28 U.S.C. § 636(b). **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In *Vogel*, the court concluded:
> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517; **accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); and *Estate of Haag v. Hartford Life & Accident Ins. Co.*, 188 F. Supp. 2d 1135, 1136 (D. Minn. 2002). The undersigned magistrate judge finds a report and recommendation is the most appropriate course of action in this matter.

This matter arises out of a dispute between the parties regarding a shipment of frozen turkeys the plaintiff[2] sought to have transported from Buffalo County, Nebraska, to Riviera Beach, Florida. The plaintiff hired the defendant[3] to transport or arrange for the transport of the frozen turkey shipment. The plaintiff alleges such turkey shipment never arrived at its destination. In its amended complaint,[4] the plaintiff alleges an injury of $29,345.74 as a result of the defendant's failure to deliver or to have delivered the frozen turkey shipment as provided for by a September 9, 2004 oral contract between the parties. Filing No. 30, p. 1-3.

Attached to the defendant's March 8, 2005 Notice of Removal (Filing No. 1) is a copy of the plaintiff's complaint filed with the County Court of Buffalo County, Nebraska. On August 3, 2005, the plaintiff filed an Amended Complaint (Filing No. 30). The plaintiff's amended complaint alleges breach of contract as its First Claim, and in the alternative, a Second Claim of negligence. On August 12, 2005, the defendant filed its Answer to the Amended Complaint (Filing No. 31).

The defendant removed the matter to the United States District Court for the District of Nebraska pursuant to this court's original jurisdiction provided for by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1337, commerce regulation jurisdiction. The defendant contends the court has original jurisdiction over this civil action because the initial complaint alleges a claim arising under 49 U.S.C. § 14706, the Carmack Amendment (Carmack Amendment) to the Interstate Commerce Act, 49 U.S.C. §§ 10101 *et seq.* (ICA), or under the federal common law as it applies to the interstate carriage of goods, and the amount in controversy exceeds $10,000. **See** 28 U.S.C. § 1337(a). The defendant contends

---

[2] The plaintiff is a Nebraska corporation with its principal place of business in Gibbon, Buffalo County, Nebraska. Filing No. 30, p. 1.

[3] The defendant is a Delaware corporation with its principal place of business in Minnesota, engaged in business as a transportation broker throughout the United States. Filing No. 8, p. 1.

[4] Once "a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint." **Karnes v. Poplar Bluff Transfer Co.** (*In re Atlas Van Lines, Inc.*), 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.") (**citing** *Washer v. Bullitt County*, 110 U.S. 558, 562 (1884)).

the court can exercise jurisdiction over the plaintiff's Second Claim of Negligence under the court's pendant jurisdiction.

The plaintiff moves the court to remand the case to the County Court of Buffalo County and to order the defendant to pay the actual expenses incurred as a result of the removal. The plaintiff argues it appears the court lacks subject matter jurisdiction. The plaintiff argues no federal cause of action applies to its Claims because the defendant argues in its defense that the Carmack Amendment does not apply in this case.

The defendant opposes the motion to remand. The defendant argues the court has original jurisdiction because it must determine whether a federal question exists under the well-pleaded complaint rule and the artful pleading doctrine, and the court may not consider the defendant's defenses in so doing.

## ANALYSIS

Any civil case of which a federal district court would have original jurisdiction based upon the presence of a federal question is removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(a), (b). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. **Green v. Ameritrade, Inc.**, 279 F.3d 590, 596 (8th Cir. 2002). A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute. **Transit Cas. Co. v. Certain Underwriters at Lloyd's of London**, 119 F.3d 619, 625 (8th Cir. 1997); **In re Bus. Men's Assurance Co. of Am.**, 992 F.2d 181, 183 (8th Cir. 1993). Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party. **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100, 107-09 (1941). "In general, federal courts give considerable deference to a plaintiff's choice of forum." **Terra Int'l, Inc. v. Miss. Chem. Corp.**, 119 F.3d 688, 695 (8th Cir. 1997).

Section 1331 of Title 28 of the United States Code provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

of the United States." Section 1337 of Title 28 of the United States Code provides, in relevant part, that the

> [D]istrict courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however*, That the district courts shall have original jurisdiction of an action brought under [49 U.S.C. § 14706, et al.], only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

28 U.S.C. § 1337(a). "In all respects other than amount in controversy, Section 1337 and Section 1331 are read alike and the same tests apply in determining whether a case is one 'arising under' federal law." **First Nat'l Bank of Aberdeen v. Aberdeen Natl Bank**, 627 F.2d 843, 849 n.14 (8th Cir. 1980) (**quoting** 13 Charles Alan Wright & Arthur R. Miller & Edward M. Cooper, Federal Practice and Procedure § 3574, at 503 (1975)); **see also First Fed. Sav. & Loan Ass'n of Harrison, Ark. v. Anderson**, 681 F.2d 528, 532 (8th Cir. 1982).

The court must look to the well-pleaded complaint rule to determine if the court has federal-question jurisdiction in a case.

> A district court's federal-question jurisdiction . . . extends over only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims.

**Christianson v. Colt Indus. Operating Corp.**, 486 U.S. 800, 808 (1988) (internal quotation marks and citations omitted); **see also Gore v. TWA**, 210 F.3d 944, 948 (8th Cir. 2000) ("the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction") (**citing Caterpillar Inc. v. Williams**, 482 U.S. 386, 392 (1987)). "Congress has long since decided that federal defenses do not provide a basis for removal." **Gore**, 210 F.3d at 948 (**citing Caterpillar Inc.**, 482 U.S. at 392); **see also Rivet v. Regions Bank of La.**, 522 U.S. 470, 472 (1998) ("Congress has not authorized removal based on a defense or anticipated defense federal in character."). "To bring a case within the [federal-question removal] statute, a right or

4

immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." **Rivet**, 522 U.S. at 475 (**quoting Gully v. First Nat. Bank in Meridian**, 299 U.S. 109 (1936)); **Christianson**, 486 U.S. at 810 (stating federal law must be "essential" to each alternative theory for relief).

The defendant argues the court has original jurisdiction because it must determine whether a federal question exists under the well-pleaded complaint rule and the artful pleading doctrine, and the court may not consider the defendant's defenses in so doing. The undersigned magistrate judge agrees: "it is well settled that the federal question upon which [a] plaintiff relies for original federal jurisdiction, or [a] defendant for removal jurisdiction, must not have entered the case by way of defense." **First Nat'l Bank of Aberdeen**, 627 F.2d at 850.

The plaintiff argues that, because it can raise a lack of subject matter jurisdiction at any time prior to final judgment, 28 U.S.C § 1447(c), the court should consider the defendant's defense that the defendant is not a "motor carrier" for purposes of Carmack Amendment and determine the court lacks subject matter jurisdiction. The plaintiff's argument is misguided. As the United States Supreme Court has explained, 28 U.S.C. § 1447 establishes certain procedures that the federal courts must follow after removal; § 1447 does not deal "with the question of what is removable." **Wis. Dep't of Corr. v. Schacht**, 524 U.S. 381, 392 (1998). The Court explains:

> In substance, [§ 1447] differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant time limits had expired. For the latter kind of case, there must be a motion to remand filed no later than 30 days after the filing of the removal notice. § 1447(c). For the former kind of case, remand may take place without such a motion and at any time. **Ibid**. The provision, then, helps to specify a procedural difference that flows from a difference in the kinds of reasons that could lead to a remand.

524 U.S. at 392. Therefore, any defense advanced by the defendant is irrelevant to the court's determination of whether original jurisdiction in federal court exists in this case.

A federal question does not appear on the face of the amended complaint. Yet the defendant urges the court to find the First Claim pleaded by the plaintiff is completely preempted by the Carmack Amendment and, therefore, original jurisdiction is proper pursuant to 28 U.S.C. § 1337 and the artful pleading doctrine. The Supreme Court has explained that even if a federal question does not appear on the face of the plaintiff's complaint such that the well-pleaded complaint rule is satisfied, the artful pleading doctrine may allow a federal court to properly exercise its jurisdiction over causes of action where the state-law claims are "completely preempted" by federal statute. *Rivet*, 522 U.S. at 475-76.

> [A] state claim may be removed to federal court in only two circumstances—when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.

**Beneficial Nat'l Bank v. Anderson**, 539 U.S. 1, 8 (2003); **cf., e.g., Aetna Health Inc. v. Davila**, 542 U.S. 200 (2004) (holding the Employee Retirement Income Security Act of 1974 completely preempts state laws regarding employee benefit plan regulation).

Review of the case law persuades the undersigned magistrate judge that the Carmack Amendment completely preempts state law causes of action for purposes of holding a "carrier" or "freight forwarder" liable for damages as a result of shipments transported in interstate commerce. See **Just Take Action, Inc. v. GST (Ams.) Inc.**, No. 04-3024, 2005 U.S. Dist. LEXIS 8432, at *10-12 (D. Minn. May 6, 2005) ("[t]he Carmack Amendment serves as a shipper's exclusive remedy for damaged property and preempts common law causes of actions"); **Hall v. Aloha Int'l Moving Servs., Inc.**, No. 98-1217, 2002 U.S. Dist. LEXIS 14868, at *17 (D. Minn. Aug. 6, 2002) ("Courts that have examined the scope of Carmack Amendment preemption have consistently held that the Carmack Amendment preempts state law under almost all circumstances."). **Contra Ben & Jerry's Homemade, Inc. v. KLLM, Inc.**, 58 F. Supp. 2d 315, 319 (D. Vt. 1999) (relying upon a holding of the United States Court of Appeals for the Second Circuit that the range of the complete preemption doctrine is

"extremely narrow" to hold the Carmack Amendment does not preempt state law causes of action); **but cf.** *Hoover v. Allied Van Lines, Inc.*, 205 F. Supp. 2d 1232, 1237 (D. Kan. 2002) (finding the courts "equally divided" on the question of whether the Carmack Amendment completely preempts state law causes of action).

The United States Court of Appeals for the Eighth Circuit has explained: "In adopting the Carmack Amendment, Congress intended to impose a single uniform federal rule upon the obligations of carriers operating in interstate commerce." *Rocky Ford Moving Vans, Inc. v. United States*, 501 F.2d 1369, 1372 (8th Cir. 1974) ("Such statutory provisions supercede 'the diverse requirements of state legislation and decisions' . . . and render invalid all 'agreement[s] in derogation of them. . . .'") (**citing** *N.Y., New Haven & Hartford R.R. Co. v. Nothnagle*, 346 U.S. 128 (1953); *Atchison, Topeka & Santa Fe Ry. Co. v. Harold*, 241 U.S. 371 (1916)); *Sw. Sugar & Molasses Co. v. River Terminals Corp.*, 360 U.S. 411 (1959); *S. Ry. Co. v. Prescott*, 240 U.S. 632 (1916)); *Adams Express Co. v. Croninger*, 226 U.S. 491 (1913); **see also** *Chi. & N. W. R.R. Co. v. Union Packing Co.*, 514 F.2d 30, 35 (8th Cir. 1975) (explaining that Congress's intent in passing the Carmack Amendment was "to bring about a uniform rule of responsibility for shipments passing in interstate commerce") (**citing** *Atchison, Topeka & Santa Fe Ry. Co.*, 241 U.S. at 378). With regard to the Carmack Amendment, the Eight Circuit Court of Appeals announced:

> Congress must be deemed to have determined that the rule laid down and the means provided to enforce it are sufficient and that no other regulation is necessary. Its power to regulate such commerce and all its instrumentalities is supreme; and, as that power has been exerted, state laws have no application. They cannot be applied in coincidence with, as complementary to or as in opposition to, federal enactments which disclose the intention of Congress to enter a field of regulation within its jurisdiction.

*Fulton*, 481 F.2d at 332 (**quoting** *Mo. Pac. R.R. Co. v. Porter*, 273 U.S. 341, 345-46 (1927)).

While the undersigned magistrate agrees the Carmack Amendment preempts state law causes of action, it is not clear from the plaintiff's amended complaint that the plaintiff

alleges a cause of action which is preempted by the Carmack Amendment.  The Carmack Amendment expressly controls causes of actions against "common carriers" and "freight forwarders" and does not expressly include causes of actions against other categories of actors such as "brokers."  49 U.S.C. § 14706(a); **Karnes,** 209 F.3d at 1066 ("The Carmack Amendment regulates the liability of common carriers engaged in interstate commerce.") (**citing Adams Express Co.**, 226 U.S. at 503-05) (emphasis added); **Fulton**, 481 F.2d at 332 ("The cases make it clear that when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs.") (**quoting Am. Synthetic Rubber Corp.**, 422 F.2d at 466) (emphasis added); **Just Take Action, Inc.**, 2005 U.S. Dist. LEXIS 8432, at *10-12 ("Under the Carmack Amendment, only 'carriers' and 'freight forwarders,' not 'brokers' can be liable to the shipper of goods for damages during transit.") (**citing Chubb Group of Ins. Cos. v. H.A. Transp. Sys. Inc.**, 243 F. Supp. 2d 1064, 1068 (C.D. Cal. 2002)).

On the amended complaint's face, the plaintiff does not categorize the defendant as anything, let alone as a "freight forwarder" or a "motor carrier"—the categories of parties to which the Carmack Amendment applies.  Moreover, the plaintiff's amended complaint does not indicate the defendant (as opposed to another party) picked up the turkey shipment for transport, nor does it indicate the turkey shipment was ever picked up such that it was transported in interstate commerce as required by the Carmack Amendment.  **Cf. Counter v. United Van Lines**, 935 F. Supp. 505, 508 (D. Vt. 1996) (holding the Carmack Amendment did not preempt state law causes of action where the plaintiffs' complaint was that the defendants failed to transport the goods, not that the defendants lost or damaged the plaintiffs' goods during transport).  Instead, the face of the amended complaint states that the plaintiff seeks recovery from the defendant because the defendant failed to effectuate the delivery of a turkey shipment to Riviera Beach, Florida, pursuant to a September 9, 2004 oral contract.

In light of the foregoing, the undersigned magistrate judge cannot find the removing party met its heavy burden of proving to the court the plaintiff's cause of action is "completely preempted" by the Carmack Amendment.  The defendant may only remove a case on the basis of facts alleged in the complaint; "attempts to justify removal on the basis of facts not

alleged in the complaint" are insufficient to invoke the artful pleading doctrine.  **See Caterpillar, Inc.**, 482 U.S. 397.  Nor is the fact that the defendant may ultimately prove the Carmack Amendment preempts the plaintiff's claims sufficient to justify removal.  **See *id.*** at 398. Therefore, the undersigned magistrate judge recommends granting the plaintiff's motion to remand.

The defendant also moves the court to order the defendant to compensate the plaintiff for actual expenses incurred as a result of the removal.  The undersigned magistrate judge finds no award is warranted in this matter and, therefore, recommends denying the plaintiff's motion for costs, expenses and fees.

Upon consideration,

**IT IS RECOMMENDED TO JUDGE RICHARD G. KOPF that:**

The plaintiff's Motion to Remand and for Costs, Expenses and Fees (Filing No.33) be granted with respect the plaintiff's motion to remand, and denied with respect to the plaintiff's motion for costs, expenses and fees.

**ADMONITION**

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 13th day of October, 2005.

BY THE COURT:

s/Thomas D. Thalken<br>
United States Magistrate Judge
