IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NEBRASKA TURKEY GROWERS COOPERATIVE ASSOCIATION, | ) ) ) | 4:05CV3060 |
| Plaintiff, | ) ) ) | **MEMORANDUM AND ORDER** |
| vs. | ) ) | |
| ATS LOGISTICS SERVICES, INC., | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| JENNIFER'S DELIVERY SERVICE, | ) ) | |
| Third-Party Defendant. | ) | |

This matter is before the court on a report and recommendation by Magistrate Judge Thalken (filing 43), recommending that the plaintiff's motion to remand (filing 33) be granted pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction, but that the defendant not be required to pay costs or expenses, including attorney fees, incurred by the plaintiff as a result of the removal of this action from state court. The defendant has filed a statement of objections (filing 44) pursuant to Fed. R. Civ. P. 72(b) and NECivR 72.3(a). No objections have been filed by the plaintiff.

I have conducted a de novo review of the report and recommendation pursuant to 28 U.S.C. § 636(b)(1). While I find that the Magistrate Judge has correctly stated the applicable law, I respectfully disagree with his conclusion that no federal question is presented by the plaintiff's amended complaint. Thus, I will not adopt the report and recommendation, and the plaintiff's motion to remand will be denied.

## I. BACKGROUND

This case involves a shipment of frozen turkeys, valued at about $30,000, that failed to arrive at its intended destination in Florida. The plaintiff, Nebraska Turkey Growers Cooperative Association ("Nebraska Turkey Growers"), filed suit in the District Court of Buffalo County, Nebraska, alleging that the defendant, ATS Logistics Services, Inc. ("ATS"), breached an oral contract by failing to make delivery as promised. ATS removed the case to this court on March 8, 2005, on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331 and 1337(a), asserting in the notice of removal that "[t]he allegations of the Complaint make clear, on its face, that Plaintiff's claims against Defendant arise under Title 49, Subtitle IV of the United States Code, Interstate Transportation, 49 U.S.C. § 10101 et seq., and/or under the federal common law of the United States as it applies to interstate transportation and interstate carriage of goods; and that the amount in controversy exceeds $10,000 (excluding interest, costs and fees)." (Filing 1, ¶ 2.)

The complaint alleged, among other things, that:

- "On or about September 9, 2004, plaintiff orally contracted with defendant in Nebraska to deliver a load of frozen, processed turkeys to Cheney Brothers, Inc. in Riviera Beach, Florida." (Complaint (filing 1, pp. 6-8), ¶ 3.)

- "Defendant picked up the turkeys in Gibbon, Nebraska on September 13, 2004." (Complaint, ¶ 4.)

- "Defendants (sic) breached the contract by failing to deliver the turkeys to Cheney Brothers, Inc." (Complaint, ¶ 5.)

- "As a direct result of defendant's failure to deliver these turkeys, plaintiff has been damaged in the amount of $29,345.74, the value of the turkeys." (Complaint, ¶ 6.)

Attached to the complaint and incorporated therein by reference was a bill of lading that identified ATS as the carrier for the shipment. (Complaint, ¶ 4 and Exhibit A.)

In an answer filed on March 11, 2005, ATS alleged that "it acted solely as a transportation broker," and that Jennifer's Delivery Service ("Jennifer's Delivery") was "the motor carrier that transported the shipment." (Filing 4, p. 2.) The legal significance of this allegation is that only "carriers" are liable for lost or damaged shipments under the Carmack Amendment to the Interstate Commerce Act. See 49 U.S.C. § 14706. "Carriers" include "motor carriers"[1] and "freight forwarders,"[2] but not "brokers."[3] See 49 U.S.C. § 13102(3). On March 16, 2005, ATS filed a third-party complaint against Jennifer's Delivery for indemnification pursuant to the terms of an alleged written contract. Default was entered against Jennifer's Delivery on April 21, 2005.

---

[1] "The term 'motor carrier' means a person providing motor vehicle transportation for compensation." 49 U.S.C.A. § 13102(12) (West 1997).

[2] "The term 'freight forwarder' means a person holding itself out to the general public (other than as a pipeline, rail, motor, or water carrier) to provide transportation of property for compensation and in the ordinary course of its business—
   "(A) assembles and consolidates, or provides for assembling and consolidating, shipments and performs or provides for break-bulk and distribution operations of the shipments;
   "(B) assumes responsibility for the transportation from the place of receipt to the place of destination; and
   "(C) uses for any part of the transportation a carrier subject to jurisdiction under this subtitle.
"The term does not include a person using transportation of an air carrier subject to part A of subtitle VII." 49 U.S.C.A. § 13102(8) (West 1997).

[3] "The term 'broker' means a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C.A. § 13102(2) (West 1997).

On August 3, 2005, three weeks prior to filing the motion to remand that is now before the court, Nebraska Turkey Growers filed an amended complaint against ATS, alleging, among other things, that:

- "On or about September 9, 2004, the Plaintiff orally contracted with the Defendant in Nebraska to deliver, or have delivered, a load of frozen, processed turkeys to Riviera Beach, Florida." (Amended Complaint (filing 30), ¶ 3.)

- "Based on information and belief, the Defendant subsequently hired and/or contracted with the Third-Party Defendant, Jennifer's Delivery Service, to pick up the turkeys in Gibbon, Nebraska on September 13, 2004, and to deliver the turkeys to Riviera Beach, Florida. The Defendant did not inform the Plaintiff that it was hiring and/or contracting with the Third-Party Defendant to deliver the turkeys." (Amended Complaint, ¶ 4.)

- "The turkeys were not delivered to Riviera Beach, Florida." (Amended Complaint, ¶ 5.)

- "As a direct result of the Defendant's breach of contract, the Plaintiff has been damaged in the amount of Twenty-Nine Thousand Three Hundred Forty-Five dollars and Seventy-Four cents ($29,345.74)." (Amended Complaint, ¶ 9.)

As an alternative theory of recovery, Nebraska Turkey Growers alleges in the amended complaint that ATS was negligent in hiring or contracting with Jennifer's Delivery to deliver the turkeys. (Filing 30, ¶¶ 10-14.)

Judge Thalken reported that "it is not clear from the plaintiff's amended complaint that the plaintiff alleges a cause of action which is preempted by the Carmack Amendment" because "the plaintiff does not categorize the defendant as anything, let alone as a 'freight forwarder' or 'motor carrier,'" and "[m]oreover, the plaintiff's amended complaint does not indicate the defendant (as opposed to another party) picked up the turkey shipment for transport, nor does it indicate the turkey

shipment was ever picked up such that it was transported in interstate commerce . . . ." (Filing 43, pp. 7-8.) Judge Thalken thus concluded that the defendant had not met "its heavy burden of proving to the court the plaintiff's cause of action is 'completely preempted' by the Carmack Amendment." (Id., p. 8.)

## II.  DISCUSSION

Section 1447(c) provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

28 U.S.C.A. § 1447 (West Supp. 2005).

While this statute permits the remand of an action for lack of subject matter jurisdiction "at any time before final judgment," it does not limit the court's subject matter jurisdiction.  That is, the court retains discretionary authority to exercise supplemental jurisdiction over pendent state-law claims even though a federal-law claim that served as the basis for removal of the action from state court has been dismissed.  See 28 U.S.C. § 1367(c)(3).[4]  Although neither party in this case recognized it, the actual issue presented by Nebraska Turkey Growers' remand motion under § 1447(c) is whether "the district court had subject matter jurisdiction

---

[4] "The district courts may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C.A. § 1367(c)(3) (West 1993).

5

at the time of removal." St. John v. Int'l Ass'n of Machinists & Aerospace Workers, 139 F.3d 1214, 1216 (8th Cir. 1998) (state court action alleging breach of collective bargaining agreement and tort claims for emotional distress was removed to federal district court based on federal question jurisdiction (§ 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185); following removal, plaintiffs dismissed breach-of-contract claim and moved to remand state-law tort claims as not preempted by the LMRA; the district court thus was presented with two distinct jurisdictional issues: "First, if any of the [plaintiffs'] remaining tort claims are preempted, the court continues to have federal question jurisdiction and must continue to exercise removal jurisdiction over the entire action.  Second, if the remaining claims are not preempted, the court may exercise discretion to decline supplemental jurisdiction over those claims.") (emphasis in original) (citations omitted).  See also Lindsey v. Dillard's, Inc., 306 F.3d 596, 599 (8th Cir. 2002) ("Under §§ 1367(c) and 1441(c),[5] a court is not required to remand state law claims when the only federal claim has been dismissed."); Green v. Ameritrade, Inc., 279 F.3d 590, 595 (8th Cir. 2002) (where complaint in removed action was amended to drop all claims that were preempted by the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 78bb(f), "the District Court still had supplemental jurisdiction over [the remaining] state-law claim and therefore appropriately considered whether to exercise its discretion to retain the claim in federal court under § 1367."); Kansas Public Emp. Ret. System v. Reimer & Koger, 77 F.3d 1063, 1067-68 (8th Cir. 1996) ("The existence of [supplemental] jurisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated.").  But see In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) ("[I]n cases where a plaintiff has filed an amended complaint, federal courts

---

[5] "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by [28 U.S.C. § 1331] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C.A. § 1441(c) (West 1994).

must resolve questions of subject matter jurisdiction by examining the face of the amended complaint.").[6]

---

[6] In Atlas Van Lines, the plaintiff filed an action in state court alleging that the defendants negligently damaged her property during a move from Missouri to Florida. The defendants removed the action to federal court, asserting that the plaintiff's state-law claims were preempted by the Carmack Amendment. The plaintiff filed a motion to remand, while the defendants filed a motion to dismiss for failure to state a claim and a motion for summary judgment. The federal district court denied the plaintiff's remand motion after finding that the preemptive force of the Carmack Amendment enveloped her state law claims. The court also denied the defendants' motions and granted the plaintiff leave to file an amended complaint asserting federal causes of action based on the Carmack Amendment. After the amended complaint was filed, however, the court sua sponte reevaluated its denial of the plaintiff's remand motion and concluded that the defendants' Carmack Amendment assertions were actually defenses to the plaintiff's state-law actions and, as such, did not confer federal jurisdiction under the well-pleaded complaint rule. The case was then remanded to state court.

On appeal by the defendants, the Eighth Circuit ruled that the district court's reevaluation of the jurisdictional issue was specifically permitted by § 1447(c) and, furthermore, that the district court's determination of this issue (i.e., that the claims alleged in the original complaint were not preempted by the Carmack Amendment) was not reviewable on appeal. See 28 U.S.C. § 1447(d). The only issue that could be reviewed on appeal was whether the remand order was proper in light of the amended complaint. Finding that the plaintiff faced a "Hobson's choice" of either filing an amended complaint or else risking dismissal of her entire case, the Eighth Circuit ruled that the filing was involuntary and, by itself, did not confer the district court with subject matter jurisdiction under 28 U.S.C. § 1331.

Thus, properly understood, the decision merely holds that the involuntary filing of an amended complaint does not eliminate any issue under § 1447(c) of whether the district court had subject matter jurisdiction at the time of removal. This was also the holding in Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1240-41 (8th Cir. 1995) ("[W]here the removal of an action from state court to federal court may have been improper under 28 U.S.C. § 1441(b), the subsequent amendment of the complaint so as to create a basis for removal jurisdiction does not render the removal issue moot if the amendment was ordered by the district court or was otherwise involuntary.").

The Eighth Circuit's general statement in Atlas Van Lines that "federal courts

7

Examining Nebraska Turkey Growers' original complaint, I conclude that the facts alleged state a claim that arises under federal law. The Carmack Amendment essentially provides that a carrier is liable for the actual loss or injury it causes to a shipper's property. Continental Grain Co. v. Frank Seitzinger Storage, Inc., 837 F.2d 836, 839 (8th Cir. 1988).[7] In an action to recover for goods lost in transit, a shipper must show the following to establish a prima facie case: (1) delivery of a quantity of goods to the carrier, (2) arrival at destination of a lesser quantity, and (3) the amount of damages. Id. A showing that the shipment never arrived at its destination will also satisfy the second element. See, e.g., Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 81 (2d Cir. 2004) (shipment stolen from warehouse).

Nebraska Turkey Growers pleaded all of the essential elements of a Carmack Amendment claim by alleging that ATS agreed to deliver the turkeys to Florida, that ATS picked up the shipment in Nebraska (as evidenced by a bill of lading that identifies ATS as the carrier), that ATS failed to make the contracted-for delivery, and that Nebraska Turkey Growers thereby sustained in damages in the amount of $29,345.74. "The cases make it clear that when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an

---

must resolve questions of subject matter jurisdiction by examining the face of the amended complaint" is certainly true in some circumstances, such as when a plaintiff amends in order to cure a jurisdictional defect, see In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928-29 & n. 5 (8th Cir.) (plaintiff resisting remand of removed action could amend complaint to allege federal claims), cert. denied sub nom., Stainless Systems Inc. v. Nextel West Corp., 126 S.Ct. 356 (2005), but it has no application where, as here, the plaintiff is attempting to defeat removal jurisdiction by filing an amended complaint.

[7] While Continental Grain concerns the liability of rail carriers under 49 U.S.C. § 11707(a)(1), the liability of motor carriers is the same, i.e., "the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported . . . ." 49 U.S.C.A. § 14706(a)(1) (West 1997).

interstate contract of carriage, the Carmack Amendment governs." Fulton v. Chicago, Rock Island & P. R. Co., 481 F.2d 326, 331-32 (8th Cir. 1973) (quoting American Synthetic Rubber Corp. v. Louisville & N. R. R. Co., 422 F.2d 462, 466 (6th Cir. 1970). The breach-of-contract claim alleged in Nebraska Turkey Growers' original complaint is thus preempted by federal statute. See id. (holding that the Carmack Amendment has preempted suits in specific negligence by holders of bills of lading against their carriers). See also Rocky Ford Moving Vans, Inc. v. United States, 501 F.2d 1369, 1372 (8th Cir. 1974) ("In adopting the Carmack Amendment, Congress intended to impose a single uniform federal rule upon the obligations of carriers operating in interstate commerce."); Woods v. Unigroup, Inc., 945 F. Supp. 1255, 1256 (E.D. Mo. 1996) (stating that the majority of circuit courts have concluded that state law causes of action are preempted by the Carmack Amendment). It follows that the court has subject matter jurisdiction, and that Nebraska Turkey Growers' motion to remand the action to state court pursuant to § 1447(c) must be denied.

I also conclude that a discretionary remand under § 1367(c)(3) is not possible at this time. Although Nebraska Turkey Growers no longer alleges that the shipment of turkeys was picked up by ATS, it is alleged on information and belief in the amended complaint that ATS, without Nebraska Turkey Growers' knowledge, hired or contracted with Jennifer's Delivery to pick up the turkeys on September 13, 2004. Also, Nebraska Turkey Growers still alleges that it contracted with ATS for delivery of the turkeys to Florida. Taken together, these allegations are sufficient to satisfy the first essential element of a Carmack Amendment claim.

The difference between a carrier and a broker is often blurry. Delta Research Corp. v. EMS, Inc., No. 04-60046, 2005 WL 2090890, slip op. at *5 (E.D. Mich. Aug. 29, 2005). The crucial distinction is whether the party legally binds itself to transport, in which case it is considered a carrier. CGU Intern. Ins., PLC v. Keystone Lines Corp., No. C-02-3751 SC, 2004 WL 1047982, slip op. at *2 (N.D. Cal. May 5, 2004) (if defendant accepted responsibility for ensuring delivery of the goods,

9

regardless of who actually transported them, then it qualified as a carrier; but if defendant merely agreed to locate and hire a third party to transport the goods, then it was acting as a broker). Nebraska Turkey Growers does not specifically allege that ATS is a regulated interstate motor carrier, but this factor is not dispositive of the issue of liability under the Carmack Amendment. See Delta Research, 2005 WL 2090890 at *5. The law determines status according to the services offered by an entity, rather than by its corporate character or declared purpose. Id. (party could be liable as a motor carrier if it acted as one, even if it was not licensed). Whether a company is a broker or a carrier/freight forwarder is not determined by how it labels itself, but by how it holds itself out to the world and its relationship to the shipper. Lumbermens Mut. Cas. Co. v. GES Exposition Services, Inc., 303 F. Supp.2d 920, 921 (N.D.Ill. 2003). See also Just Take Action, Inc. v. GST (Americas) Inc., No. 04-3024 ADM/RLE, 2005 WL 1080597, slip op. at *5 (D.Minn., May 6, 2005) (finding a factual dispute over whether defendant played the role of broker or motor carrier).

Because Nebraska Turkey Growers has not completely abandoned its theory that ATS contracted to deliver the turkeys to Florida, there has been no voluntary dismissal of the Carmack Amendment claim, and the action is not subject to remand under § 1367(c)(3). Basically, it is alleged in the amended complaint that ATS acted either as a motor carrier or as a broker. Such alternative pleading is entirely proper. See Fed. R. Civ. P. 8(e)(2) ("A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses."). It means, however, that the action will remain in federal court.

Accordingly,

IT IS ORDERED that:

1. The magistrate judge's report and recommendation (filing 43) is not adopted;

2. The defendant's statement of objections (filing 44) is sustained to the extent stated in the foregoing memorandum; and

3. The plaintiff's motion to remand (filing 33) is denied in all respects.

DATED: November 22, 2005.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge