IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NEBRASKA TURKEY GROWERS COOPERATIVE ASSOCIATION, | ) ) ) | 4:05CV3060 |
| Plaintiff, | ) ) | **MEMORANDUM AND ORDER** |
| vs. | ) ) | |
| ATS LOGISTICS SERVICES, INC., | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| JENNIFER'S DELIVERY SERVICE, | ) ) | |
| Third-Party Defendant. | ) | |

    This matter is before the court on Defendant's motion for summary judgment (filing 38). Plaintiff has failed to respond to the motion,[1] and the court therefore deems Defendant's statement of undisputed material facts (filing 39, pp. 7-8) to be admitted by Plaintiff. See NECivR 56.1(b)(1).

    Essentially, Defendant argues (1) that it acted as a broker, not a carrier, and therefore has no liability under the Carmack Amendment, (2) that it cannot be held liable for negligent hiring of Jennifer's Delivery Service because Plaintiff previously approved Jennifer's Delivery Service as a carrier, and (3) that Plaintiff is not the real party in interest. All three arguments appear to have merit, but the third argument actually poses an obstacle to the court granting summary judgment. That is, under

---

[1] Plaintiff's response was due 20 days after the court decided Plaintiff's motion to remand, which occurred on November 22, 2005. See filings 42 and 46.

federal practice "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Fed. R. Civ. P. 17(a).

Plaintiff does not specifically allege that it owned the shipment, and the bill of lading identifies Norbest, Inc., as the shipper. Unless plaintiff can show an ownership interest or other entitlement to bring the action, or unless Norbest, Inc., or some other real party in interest appears, the action will be dismissed. Accordingly,

IT IS ORDERED that:

1. Defendant's statement of undisputed material facts (filing 39, pp. 7-8) is deemed admitted by Plaintiff.

2. Within twenty (20) days of today's date, Plaintiff shall either (a) show cause why this action should not be dismissed on the ground that it is not prosecuted in the name of the real party in interest or (b) effect the ratification, joinder, or substitution of the real party in interest.

3. Absent Plaintiff's compliance with paragraph 2 above, the action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest.

4. Any further ruling on Defendant's motion for summary judgment is deferred pending resolution of the real party in interest issue.

December 20, 2005.          BY THE COURT:

                            s/ *Richard G. Kopf*
                            United States District Judge